**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Defendants

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>                Debtor.<br><br>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>                Plaintiff,<br><br>v.<br><br>ALEDMI, LLC, an administratively dissolved Washington limited liability company; ALAN CHAFEE; EDWIN SPAUNHURST; and MICHAEL WHITE;<br><br>                Defendants. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01049-SC<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLING TRUSTEE TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**<br><br>[Notice of Motion and Motion, Joint Stipulation Re Discovery Disputes Per Local Bankruptcy Rule 7026-1(C), Supplemental Memorandum and Decl. of M. Simon In Support Filed Concurrently Herewith]<br><br>**Hearing (via Zoom for Government):**<br>**Date:**    **July 29, 2021**<br>**Time:**    **11:00 a.m.**<br>**Place:**   **Courtroom 5D**<br>            **411 W. Fourth St.,**<br>            **Santa Ana, CA 92701** |

2874396.1    SUPPLEMENTAL MEMORANDUM

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

Defendants Aledmi, LLC ("Aledmi"), Alan Chafee, Edwin Spaunhurst, and Michael White (collectively, the "Defendants"), hereby submit this supplemental memorandum in support of their concurrently filed *Notice of Motion and Motion for Order Compelling Trustee to Produce Documents Pursuant to Federal Rule of Civil Procedure 37* and *Joint Stipulation Re Discovery Disputes Per Local Bankruptcy Rule 7026-1(C)* (the "Stipulation"). This supplement is submitted to provide important context behind the disputes at issue in the Stipulation.[1] All citations to exhibits are to the exhibits attached to the concurrently filed declaration of Michael L. Simon.

## I. INTRODUCTION

The Trustee has failed to comply with its discovery obligations in this case. The Defendants, who include three individuals, are being sued for over $2.2 million based on alleged actual fraudulent transfers made to Aledmi in 2014, six years before the Complaint was filed, and five years before the Trustee was appointed. The Defendants requested documents that are highly relevant and critical to understanding and evaluating the Trustee's actual fraudulent transfer claims. The Trustee produced over 250,000 files without categorizing the files by request. The Trustee's production included voluminous amounts of irrelevant and non-responsive documents. Moreover, the Trustee refused to produce any responsive documents from the physical files of the Debtor that are in the Trustee's possession. The Trustee's conduct is not compliant with the Federal Rules and has hindered the Defendants' rights to obtain discovery relevant to the Trustee's claims.

The Trustee's failure to fulfill his discovery obligations is part of a larger problem—a lack of diligence related to this case. It appears that the Trustee did not perform sufficient due diligence before commencing this suit and did not review the materially relevant documents in his control. The Trustee has not reviewed the Debtor's physical files. The Trustee apparently did not

---

[1] All capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Stipulation.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  review all of the Debtor's relevant bank records.  The Trustee did not employ an expert to access

2  the forensic image of the Debtor's servers until after the Complaint was filed.

3        A review of the documents in the Trustee's possession reveals that the Trustee's suit lacks

4  merit and should be immediately dismissed.  In the Complaint, the Trustee asserts that the Debtor

5  paid over $2.2 million to Aledmi and received no value in exchange.  However, the Defendants'

6  review of the Trustee's voluminous, uncategorized production has already revealed that the

7  Trustee missed a critical fact that undercuts the entirety of the Complaint— *the Debtor received*

8  *all of the Aledmi loan proceeds and used all of the loan proceeds to pay a debt of the Debtor*.

9  Therefore, obtaining discovery in the manner set forth in the Stipulation is particularly important

10 to ensure that all relevant information is produced.

## II.     BACKGROUND

### A.     Background re Aledmi Loan

14       In 2013, Aledmi, LLC, in an arm's length transaction, entered into a credit agreement with

15 Global Baristas, LLC ("Global Baristas"), an entity owned and controlled by Michael Avenatti, to

16 provide a $2,000,000 loan to Global Baristas for working capital needs.  The Trustee alleges in the

17 Complaint that, in June 2014, the Debtor transferred $2,202,957.30 to Aledmi in repayment of the

18 loan (the "Transfers").  (*See* Compl. at ¶ 33, "The EA Transfers were made to repay this loan made

19 to Global Baristas.").  As detailed below, the Trustee missed critical facts related to the receipt and

20 use of the loan proceeds.

### B.     The Complaint

22       On July 21, 2020, the Trustee filed the second amended complaint [Docket No. 19] (the

23 "Complaint") against the Defendants to recover the Transfers, alleging that the Transfers are actual

24 fraudulent transfers.  The Complaint is based on the inaccurate allegation that the Debtor received

25 no value for the Transfers.  (*See* Compl. at ¶ 33, "EA (and its creditors) received no value in

26 exchange for the EA Transfers to the Aledmi Parties.")  The Complaint provides that its

27 allegations are based on the Debtor's bank records.  (*See id.,* Compl. at 2, lines 3-5, "the Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  does not have personal knowledge of the facts alleged below and therefore alleges those facts

2  based upon the following: EA's bank records . . . .")  The Complaint does not state that its

3  allegations are based on the Debtor's books and records.

4        C.      **Discovery Reveals that the Debtor Received the Loan Proceeds**

5        At the initial 7026-1(f) conference, the Trustee's counsel stated that the Trustee "viewed

6  this case as a documents case."

7        The Defendants served a request for production on December 4, 2020.  The Trustee's

8  deadline to respond to the request was January 4, 2021.

9        As set forth in the Stipulation, the Trustee did not produce documents until February 5,

10  2021.[2]

11        At the February 1, 2021 meet and confer and at all prior times (except for the Complaint's

12  representation to the contrary), the Trustee's counsel represented that the Trustee did not have any

13  of the Debtor's bank records.  (*See* Decl. of M. Simon at ¶ 6.)

14        Between February 4, 2021 and February 26, 2021, the Trustee produced over 250,000

15  files.  The Trustee did not categorize the files by request.  The production included voluminous

16  amounts of irrelevant and nonresponsive files.  The Trustee did not produce documents from the

17  Debtor's physical files.  The documents produced by the Trustee materially undercut the

18  allegations in the Complaint.  Based on its review of the 250,000 uncategorized files produced by

19  the Trustee, the Defendants learned that *the Debtor received all of the Aledmi loan proceeds (even*

20  *though Global Baristas was the borrower) and used the proceeds to pay a debt of the Debtor*.  The

21  Defendants informed the Trustee of this and made a settlement offer based thereon.  The

---

[2] The Trustee's counsel initially offered to only make responsive documents available at the law offices of Landau Law LLP for review and copying (without providing a date).  This was particularly unreasonable given that this was during the surge of COVID-19 cases in Los Angeles and created an unnecessary health risk.  Moreover, it appears that the Trustee's counsel never had physical copies of the responsive documents.  Rather, the Trustee's document production consists only of electronic files that were produced from a forensic image (which the Trustee had to employ an expert to access).  The Trustee eventually produced these files electronically; that is, through an external hard drive, by email, or through Dropbox links.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Defendants understand that the Trustee and his counsel were not previously aware of the Debtor receiving and using all of the Aledmi loan proceeds to pay a debt.

### D. The Trustee's Deposition

The Trustee's deposition was originally scheduled for May 19, 2021. On May 18, 2021, the Trustee, having just learned that the Debtor received and used all of Aledmi loan proceeds to pay a debt, requested that the deposition be continued to discuss dismissal. (*See* Ex. 9, May 20, 2021 email from R. Marshack stating, "but to expedite a very possible dismissal pls send docs."; June 2, 2021 email from R. Marshack stating "Give us docs and if nothing new arises I suspect we will resolve this case.") The Defendants produced documents, but the Trustee did not further discuss resolution or dismissal of the case.

On June 18, 2021, the Defendants deposed the Trustee. The Trustee's testimony increased the Defendants' concerns concerning the handling of this case. The Trustee was unable to identify the names of the creditors who were allegedly defrauded by the Transfers. (*See* Ex. 8 at 58, lines 4-8.).[3] The Trustee testified that this case "is unequivocally administratively insolvent." (*See id.* at 15, line 23.) The Trustee testified that he believed that Mr. Jack Reitman—counsel who has signed all of the Trustee's pleadings and discovery in this case, appeared at every hearing on behalf of the Trustee, and consistently communicated with the Defendants' counsel on behalf of the Trustee—was *not* involved in this case. (*See id.* at 27, lines 21-22, "I don't think Jack has been assigned to this case.") It also appears that the Trustee's counsel never provided the Trustee with an offer of judgment made by the Defendants. The Trustee testified that he did not recall ever receiving an offer of judgment sent by the Defendants earlier in the case. (*See id.* at 112, lines 9-21, "[I]t went to Jack Reitman, so I don't know what Jack did with this.")[4]

---

[3] "Q   Please identify the names of these creditors who were defrauded by the June 2014 transfer.  A.  I do not have the names of the creditors as I sit here at this deposition.  But there were plenty of creditors at that time."

[4] In fact, Mr. Jack Reitman rejected the offer of judgment, sent by the Defendants on August 24, 2020, by email on November 5, 2020, stating "The Trustee has considered your clients' offer of [] to settle the case, and rejects the offer."

2874396.1     4     SUPPLEMENTAL MEMORANDUM

### III. LEGAL STANDARD

! Federal Rule of Civil Procedure 1 directs that the rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 26(b)(1) provides that the Defendants, "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues . . . ." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 34 allows a party to request a production of documents that are in the responding party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1). "[D]ocuments are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis in original).

"The purpose of discovery is to provide an orderly, efficient and effective means for ascertaining the truth in order to expedite a determination of the controversy on the merits. That purpose not only demands dignity, order and decorum, but also unswerving attention to the business at hand." *Harlem River Consumers Co-op., Inc. v. Associated Grocers of Harlem, Inc.*, 54 F.R.D. 551, 553 (S.D.N.Y. 1972). The liberal discovery policy should be applied to encourage full disclosure to prevent surprise as an effective means of detecting and exposing false, fraudulent and sham claims and defenses. *See Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co.*, 219 F.Supp. 181, 188 (S.D.N.Y. 1963). !

The Federal Rules of Civil Procedure do not permit a plaintiff to shift its discovery obligations to the defendants. *See, e.g., Transportes Aereos de Angola v. Ronair, Inc.*, 104 F.R.D. 482, 500 (D. Del. 1985) ("The Court will not permit defendants to shift the burden of discovery by telling 'plaintiff that, if he wishes, he may hunt through all the documents and find the information for himself.'") (citation omitted); *Branhaven, LLC v. BeefTek, Inc.*, 288 F.R.D. 386, 390 (D. Md.

2013) ("Second, Branhaven is the Plaintiff!  Surely before initiating a lawsuit, which of course has resulted in substantial defense costs, Branhaven must have understood that it necessarily also would be subject to discovery demands with the attendant costs.").  These cases support the proposition that the Trustee must review the documents within the Trustee's control and and produce responsive documents therefrom.

IV.   **ARGUMENT**

The Trustee is obligated to produce the requested documents in the manner specified in the Defendants' contentions in the Stipulation.  The Defendants do not otherwise have access to the Debtor's files.  The Defendants are being sued for over $2.2 million based on events from 2014 and are entitled to understand and evaluate the Trustee's actual fraudulent transfer claims.  The requested documents are particularly important to understand whether, as alleged by the Trustee, the Debtor intended to hinder, delay or defraud any creditors through the Transfers in 2014, and are specifically tailored to that end.  The Trustee's attempts to shift its discovery obligations to the Defendants is unfair and not permitted under the Federal Rules of Civil Procedure.  It is the Trustee's burden to search for and identify documents underlying the basis for his own claims, which the Trustee here has admittedly not done.

The discovery disputes are borne from the same issue that led to this adversary proceeding—the Trustee's failure to review the documents in his possession.  The Trustee has sued three individuals for over $2.2 million without reviewing the Debtor's files beforehand and apparently still refuses to review them.  The Trustee only has Debtor files on a forensic image and in storage, neither of which were reviewed before the original complaint was filed on April 14, 2020.  (*See* Complaint at 2, lines 3-8, detailing the basis for the Complaint's factual allegations.)  The Trustee did not employ a technical expert to access the forensic image until August 27, 2020.  (*See* Docket No. 194, Case No. 8:19-bk-13560-SC.)  The Trustee admits that the Debtor's physical files were not reviewed in producing responsive documents.  (*See* Stipulation at 15, line 20, through 16, line 7.)  The Trustee did not review the Debtor's bank statements, believing he did not

have any as of February 1, 2021 (after discovery responses were due), according to his counsel. (*See* Decl. of M. Simon at ¶ 6.; Ex. 6, February 26, 2021 email from J. Reitman. ) *As a result of the foregoing, the Trustee did not know that the Debtor received all of the Aledmi loan proceeds and used them to pay a debt.* This lack of due diligence and attention has resulted in the Defendants incurring substantial unnecessary fees. Moreover, the relevant costs of production weigh in favor of the Defendants. The Defendants are being sued for over $2.2 million dollars. The Trustee's cost of production is minimal, if anything, given that the Trustee's counsel is employed on a contingency fee basis. (*See* Docket No. 33, Case No. 8:19-bk-13569-SC.)

For these reasons, the disputes set forth in the Stipulation are particularly important to the Defendants.

## V.  CONCLUSION

Accordingly, the Defendants requests that the Court grant the Motion as set forth in the Stipulation

DATED: July 8, 2021                SMILEY WANG-EKVALL, LLP


By:      */s/ Michael L. Simon*
       ROBERT S. MARTICELLO
       MICHAEL L. SIMON
       Attorneys for Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Supplemental Memorandum in Support of Motion for Order Compelling Trustee to Produce Documents Pursuant to Federal Rule of Civil Procedure 37** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **7/8/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Jack A. Reitman    jareitman@landaufirm.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- Michael Simon    msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **7/8/2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Overnight Mail:
The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/8/2021 | Lynnette Garrett | /s/ Lynnette Garrett |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                      **F 9013-3.1.PROOF.SERVICE**