**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Defendants

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EAGAN AVENATTI, LLP,<br><br>　　　　　Debtor.<br><br>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALEDMI, LLC, an administratively dissolved Washington limited liability company; ALAN CHAFEE, as successor in interest to ALEDMI, LLC; EDWIN SPAUNHURST, as successor in interest to ALEDMI, LLC; MICHAEL WHITE, as successor in interest to ALEDMI, LLC;<br><br>　　　　　Defendants. | Case No. 8:19-bk-13560-SC<br><br>Chapter 7<br><br>Adv. No. 8:20-ap-01049-SC<br><br>**STIPULATION FOR PROTECTIVE ORDER CONCERNING ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ORDER COMPELLING JAMS TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37** |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

　　Defendants Aledmi, LLC, Alan Chafee, Edwin Spaunhurst, and Michael White (collectively, the "Defendants"), plaintiff Richard A. Marshack, Chapter 7 Trustee (the "Plaintiff") for Eagan Avenatti, LLP (the "Debtor"), and non-parties Jason Frank Law, PLC and Jason M.

Frank (together, the "JFL Parties"), enter into this *Stipulation for Protective Order Concerning Order Granting In Part and Denying In Part Defendants' Motion for Order Compelling JAMS to Produce Documents Pursuant to Federal Rule of Civil Procedure 37* (the "Stipulation"). Defendants, Plaintiff and the JFL Parties shall each be referred to individually as a "Party" and collectively as the "Parties."  In support of the Stipulation, the Parties refer to the following recitals:

## RECITALS

A. On September 13, 2019, the Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code.

B. On July 21, 2020, the Trustee filed the *Second Amended Complaint for Avoidance and Recovery of Voidable Transfers* [Docket No. 19] against the Defendants.

C. On September 10, 2020, the Defendants filed the *Defendants' Answer to Second Amended Complaint for Avoidance and Recovery of Voidable Transfers and Affirmative Defenses* [Docket No. 30].

D. On March 1, 2021, the Defendants caused a third party subpoena to be served on JAMS, Inc. ("JAMS").

E. On July 29, 2021, the Court held a hearing on the Defendants' motion for an order compelling JAMS to produce documents pursuant to Federal Rule of Civil Procedure 37 [Docket No. 58].

F. On August 23, 2021, the Court entered the *Order Granting In Part and Denying In Part Defendants' Motion for Order Compelling JAMS to Produce Documents Pursuant to Federal Rule of Civil Procedure 37* [Docket No. 84] (the "Order").  The Order provides, among other things, that Mr. Frank shall produce the "Arbitration File" to counsel for the Defendants and the Plaintiff.  (*See* Order at ¶ 3.)

G. On the basis that the documents requested from JAMS concern a private lawsuit relating to financial information of the Debtor and the JFL Parties, the JFL Parties have requested,

and the Defendants and Plaintiff have agreed, to a protective order allowing the JFL Parties to mark documents from the Arbitration File (as defined in the Order) "CONFIDENTIAL" in accordance with the stipulated provisions below.

**WHEREFORE**, the Parties have agreed to enter into this Stipulation for the following terms of confidentiality as to the Arbitration File only, subject to the entry of an order of the Court approving such terms.

### STIPULATION

1. **Protected Material.** Documents from the Arbitration File produced in response to the subpoena on JAMS may be marked as "CONFIDENTIAL" by the JFL Parties, in which case it will be considered "Protected Material."

2. **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions below regarding "Final Disposition."

3. **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" by this Order;

(d) the Court and its personnel, including by filing it with the Court in this Action;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" by this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided so long as such individuals will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" by this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

4. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of documents or any information from the Arbitration File marked "CONFIDENTIAL," by the JFL Parties in accordance with Paragraph 1, that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the

2882798.1                                    4                                    STIPULATION

Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

5. **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

6. **Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Local Bankruptcy Rule 5003-2. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. A Receiving Party is not required to seek permission to file Protected Material under seal in order to file such Protected Material with the Court for use in connection with the Action.

7. **Final Disposition.** Within 60 days after the final disposition of this Action, each Receiving Party must destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Designating Party by the 60-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

...

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

8.  **Remedies for Violation of Order.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

DATED: September 9, 2021    SMILEY WANG-EKVALL, LLP

By: _____/s/ Michael L. Simon_____
ROBERT S. MARTICELLO
MICHAEL L. SIMON
Attorneys for Defendants

DATED: September 8, 2021    LANDAU LAW LLP

By: _[signature: Jack Reitman]_
JACK A. REITMAN
Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

DATED: September _, 2021    FRANK SIMS STOLPER, LLP

By: _____
JASON M. FRANK
SCOTT H. SIMS
Attorneys for Non-Parties JASON FRANK LAW, PLC and JASON M. FRANK

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

8. **Remedies for Violation of Order.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

DATED: September _, 2021    SMILEY WANG-EKVALL, LLP

By: _____
ROBERT S. MARTICELLO
MICHAEL L. SIMON
Attorneys for Defendants

DATED: September _, 2021    LANDAU LAW LLP

By: _____
JACK A. REITMAN
Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

DATED: September 9, 2021    FRANK SIMS STOLPER, LLP

By: _____
JASON M. FRANK
SCOTT H. SIMS
Attorneys for Non-Parties JASON FRANK LAW, PLC and JASON M. FRANK

2882798.1                                6                                STIPULATION

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the Central District of California on [date] in the case of *Richard Marshack v. Aledmi, LLC et al.*, Adv. No. 8:20-ap-01049-SC. I agree to comply with and to be bound by all terms of the Stipulation for Protective Order (the "Stipulation") and the Order approving such Stipulation (the "Order"), and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of the Stipulation and the Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulation and the Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Stipulation for Protective Order Concerning Order Granting in Part and Denying in Part Defendants' Motion for Order Compelling JAMS to Produce Documents Pursuant to Federal Rule of Civil Procedure 37** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **9/9/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Jessica R MacGregor    jmacgregor@longlevit.com, lmyers@longlevit.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Jack A. Reitman    jareitman@landaufirm.com, srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- Michael Simon    msimon@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **9/9/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/9/2021 | Lynnette Garrett | /s/ Lynnette Garrett |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**